IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VELOXIS PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| BIOCON PHARMA LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Veloxis Pharmaceuticals, Inc. ("Veloxis"), by its undersigned attorneys, for its Complaint against Defendant Biocon Pharma Limited ("Biocon" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, arising from Defendant's submission of Abbreviated New Drug Application ("ANDA") No. 221264 ("Defendant's ANDA") to the United States Food and Drug Administration ("FDA"). Defendant's ANDA seeks FDA approval to market and sell 0.75 mg, 1 mg, and 4 mg extended-release tablets of tacrolimus ("Defendant's ANDA Products") prior to the expiration of U.S. Patent Nos. 8,664,239 ("the '239 Patent"); 8,685,998 ("the '998 Patent"); 9,549,918 ("the '918 Patent"); 10,166,190 ("the '190 Patent"); 10,864,199 ("the '199 Patent"); 11,110,081 ("the '081 Patent"); 11,123,331 ("the '331 Patent"); 11,419,823 ("the '823 Patent"); 12,083,103 ("the '103 Patent"); and 12,403,095 ("the '095 Patent") (collectively, the "Patents-in-Suit").

2.      Veloxis owns the Patents-in-Suit and is the holder of FDA approved New Drug Application ("NDA") No. 206406 for the brand name drug ENVARSUS XR® (tacrolimus). The

Patents-in-Suit generally cover oral dosage forms and methods of use and administration of tacrolimus, including ENVARSUS XR®.  Defendant's ANDA Products are generic versions of ENVARSUS XR®.

## THE PARTIES

3.      Plaintiff Veloxis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2000 Regency Parkway, Suite 500, Cary, NC 27518.

4.      Upon information and belief, Defendant Biocon is a company organized and existing under the laws of India, with its principal place of business at 20th KM, Hosur Road, Electronic City, Bangalore-560100, Karnataka, India.  Upon information and belief, Biocon is in the business of, among other things, developing, manufacturing, and selling generic versions of branded pharmaceutical products.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b), and this Court has personal jurisdiction over Defendant.

7.      This Court has personal jurisdiction over Biocon by virtue of, *inter alia,* its systematic and continuous contacts with the State of Delaware.

8.      On information and belief, Biocon develops, manufactures, distributes, markets, offers to sell and sells generic drug products for sale and use throughout the United States, including within this Judicial District.

9.      On information and belief, Biocon derives substantial revenue from selling generic products throughout the United States, including in this Judicial District.

10.     On information and belief, Biocon intends a future course of conduct that includes acts of patent infringement in Delaware.  These acts have led and will continue to lead to foreseeable harm and injury to Veloxis in Delaware, including in this Judicial District.

11.     On information and belief, Biocon actively participated in the submission of Defendant's ANDA.  On information and belief, Biocon will work in concert with other subsidiaries towards the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products, including Defendant's ANDA Products, throughout the United States, including Delaware and in this Judicial District, prior to the expiration of the Patents-in-Suit.

12.     On information and belief, Biocon seeks approval from the FDA to sell Defendant's ANDA Products throughout the United States, including in this Judicial District.  On information and belief, this Judicial District will be a destination of the generic drug product described in Defendant's ANDA.

13.     This Court also has personal jurisdiction over Biocon because Biocon, itself and/or through its subsidiaries, has purposefully availed itself of the benefits and protections of the State of Delaware and, therefore, could reasonably anticipate being sued in this Judicial District.  Upon information and belief, Biocon, directly or indirectly, manufactures, imports, markets, offers to sell, sells and/or distributes generic drugs throughout the United States, including Delaware, and Delaware would be a destination of Defendant's ANDA Products.  Upon information and belief, Biocon, prepared and filed ANDA No. 221264 with the FDA.  Upon information and belief, Biocon will manufacture, import, market, offer to sell, sell and/or distribute Defendant's ANDA Products in the United States, including Delaware, upon approval of ANDA No. 221264, and will

derive substantial revenue from the use or consumption of Defendant's ANDA Products in Delaware.

14.    This Court has personal jurisdiction over Biocon by virtue of, *inter alia*, its presence in Delaware, having conducted business in Delaware; having derived revenue from conducting business in Delaware; and previously consenting to personal jurisdiction in this Court (*see, e.g.*, Answer and Affirmative Defenses, *Pfizer Inc. et al v. Biocon Limited et al.*, C.A. No. 26-cv-00441 (D. Del. Jun. 18, 2026), D.I. 11 at ¶¶ 25, 30; Answer and Affirmative Defenses, *Boehringer Ingelheim Pharmaceuticals Inc. et al v. Biocon Limited et al.*, C.A. No. 25-cv-00523 (D. Del. July 28, 2025), D.I. 11 at ¶¶ 29-31; Answer and Affirmative Defenses, *Exelixis, Inc. v. Biocon Pharma Limited et al.*, C.A. NO. 25-cv-00452 (D. Del. Jun. 19, 2025), D.I. 15 at ¶¶ 10, 11, 15, 20; Answer and Affirmative Defenses, *Bristol-Myers Squibb Company et al v. Biocon Pharma Limited*, C.A. No. 23-cv-00392 (D. Del. Jun. 9, 2023), D.I. 9 at ¶ 8; Answer and Affirmative Defenses, *Novo Nordisk Inc. et al v. Biocon Pharma Limited et al.*, C.A. No. 22-cv-00937 (D. Del. Sep. 23, 2022), D.I. 13 at ¶¶ 12, 16.

15.    In the alternative, this Court has personal jurisdiction over Biocon because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Veloxis's claims arise under federal law; (b) Biocon is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Biocon has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Biocon satisfies due process.

16.    At least because, on information and belief, Biocon is a foreign company, venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1400(b).

**PATENTS-IN-SUIT**

17. On March 4, 2014, the '239 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). Veloxis is the assignee of the '239 Patent. A true copy of the '239 Patent is attached hereto as **Exhibit A**.

18. On April 1, 2014, the '998 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '998 Patent. A true copy of the '998 Patent is attached hereto as **Exhibit B**.

19. On January 24, 2017, the '918 Patent, titled "Stabilized Tacrolimus Composition," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '918 Patent. A true copy of the '918 Patent is attached hereto as **Exhibit C**.

20. On January 1, 2019, the '190 Patent, titled "Stabilized Tacrolimus Composition," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '190 Patent. A true copy of the '190 Patent is attached hereto as **Exhibit D**.

21. On December 15, 2020, the '199 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '199 Patent. A true copy of the '199 Patent is attached hereto as **Exhibit E**.

22. On September 7, 2021, the '081 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '081 Patent. A true copy of the '081 Patent is attached hereto as **Exhibit F.**

23. On September 21, 2021, the '331 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '331 Patent. A true copy of the '331 Patent is attached hereto as **Exhibit G**.

24. On August 23, 2022, the '823 Patent, titled "Stabilized Tacrolimus Composition," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '823 Patent. A true copy of the '823 Patent is attached hereto as **Exhibit H**.

25. On September 10, 2024, the '103 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '103 Patent. A true copy of the '103 Patent is attached hereto as **Exhibit I**.

26. On September 2, 2025, the '095 Patent, titled "Stabilized Tacrolimus Composition," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '095 Patent. A true copy of the '095 Patent is attached hereto as **Exhibit J**.

<u>**VELOXIS'S ENVARSUS XR®**</u>

27. Veloxis holds approved NDA No. 206406 for extended-release tablets containing the active ingredient tacrolimus. Veloxis markets and sells tacrolimus extended-release tablets under the trade name ENVARSUS XR®.

28. ENVARSUS XR® is a calcineurin-inhibitor immunosuppressant indicated for: (1) the prophylaxis of organ rejection in de novo kidney transplant patients in combination with other immunosuppressants and (2) the prophylaxis of organ rejection in kidney transplant patients converted from tacrolimus immediate-release formulations in combination with other immunosuppressants. A copy of the complete prescribing information for ENVARSUS XR® is attached hereto as **Exhibit K.**

29. Pursuant to 21 U.S.C. § 355(b)(1) and related FDA regulations, Veloxis listed the Patents-in-Suit in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to ENVARSUS XR®. The prescribing information for ENVARSUS XR® instructs and encourages physicians, other healthcare workers

6

and patients to administer ENVARSUS XR® tablets according to one or more of the methods claimed in the Patents-in-Suit.

## ACTS GIVING RISE TO THIS ACTION

30.     By letter dated May 27, 2026 ("May 27 Notice Letter"), Biocon notified Veloxis that Biocon had submitted ANDA No. 221264 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).  Veloxis received the May 27 Notice Letter no earlier than May 28, 2026.

31.     The May 27 Notice Letter states that Biocon seeks approval from the FDA to engage in the commercial manufacture, use, sale, offer to sell, and/or importation in the United States of Defendant's ANDA Products before expiration of the '239, '998, '918, '190, '199, '081, '331, '823, '103, and '095 Patents.  Upon information and belief, Defendant intends to, directly or indirectly, engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendant's ANDA Products promptly upon receiving FDA approval.

32.     By filing ANDA No. 221264, Defendant has necessarily represented to the FDA that Defendant's ANDA Products have the same active ingredient, the same dosage form, the same route of administration, and the same strengths as ENVARSUS XR®.  By submitting ANDA No. 221264, Defendant also has necessarily represented to the FDA that Defendant's ANDA Products are bioequivalent to ENVARSUS XR®.  Upon information and belief, Defendant is seeking approval to market and sell its ANDA Products for the same approved indications as ENVARSUS XR®.

33.     In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '239 Patent are invalid or will not be infringed.  The May 27 Notice Letter does not contest that the claims of the '239 Patent are enforceable.

34.    In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '998 Patent are invalid or will not be infringed.  The May 27 Notice Letter does not contest that the claims of the '998 Patent are enforceable.

35.    In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '918 Patent are invalid, unenforceable, or will not be infringed.

36.    In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '190 Patent are invalid, unenforceable, or will not be infringed.

37.    In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '199 Patent are invalid or will not be infringed.  The May 27 Notice Letter does not contest that the claims of the '199 Patent are enforceable.

38.    In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '081 Patent are invalid or will not be infringed.  The May 27 Notice Letter does not contest that the claims of the '081 Patent are enforceable.

39.    In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '331 Patent are invalid or will not be infringed.  The May 27 Notice Letter does not contest that the claims of the '331 Patent are enforceable.

40. In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '823 Patent are invalid, unenforceable, or will not be infringed.

41. In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '103 Patent are invalid or will not be infringed. The May 27 Notice Letter does not contest that the claims of the '103 Patent are enforceable.

42. In the May 27 Notice Letter, Biocon states that Defendant's ANDA contains a Paragraph IV Certification asserting that the claims of the '095 Patent are invalid, unenforceable, or will not be infringed.

**COUNT I**
**INFRINGEMENT OF THE '239 PATENT**

43. Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

44. Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '239 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

45. Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '239 Patent.

46. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '239 Patent.

47.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA, Defendant will infringe one or more claims of the '239 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.

48.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '239 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with knowledge of the '239 patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '239 Patent.

49.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '239 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continue to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes one or more claims of the '239 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

50.     Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '239 Patent is not enjoined.

51.     Veloxis does not have an adequate remedy at law.

52.     Upon information and belief, Defendant had knowledge of the '239 Patent prior to filing its ANDA with the FDA.

53.     This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

<strong><u>COUNT II</u><br><u>INFRINGEMENT OF THE '998 PATENT</u></strong>

54.     Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

55.     Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '998 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

56.     Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '998 Patent.

57.     There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '998 Patent.

58.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA, Defendant will infringe one or more claims of the '998 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.

59.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '998 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with

11

knowledge of the '998 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '998 Patent.

60.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '998 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes one or more claims of the '998 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

61.     Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '998 Patent is not enjoined.

62.     Veloxis does not have an adequate remedy at law.

63.     Upon information and belief, Defendant had knowledge of the '998 Patent prior to filing its ANDA with the FDA.

64.     This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT III**
**INFRINGEMENT OF THE '918 PATENT**

65.     Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

66.     Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '918 Patent, constitutes infringement

of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

67.    Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '918 Patent.

68.    There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '918 Patent.

69.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA, Defendant will infringe one or more claims of the '918 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.

70.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '918 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with knowledge of the '918 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '918 Patent.

71.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '918 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes

13

one or more claims of the '918 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

72.     Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '918 Patent is not enjoined.

73.     Veloxis does not have an adequate remedy at law.

74.     Upon information and belief, Defendant had knowledge of the '918 Patent prior to filing its ANDA with the FDA.

75.     This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT IV
## INFRINGEMENT OF THE '190 PATENT

76.     Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

77.     Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '190 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

78.     Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '190 Patent.

79.     There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '190 Patent.

14

80. Unless enjoined by this Court, upon FDA approval of Defendant's ANDA, Defendant will infringe one or more claims of the '190 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.

81. Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '190 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States. Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with knowledge of the '190 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '190 Patent.

82. Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '190 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States. Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes one or more claims of the '190 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

83. Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '190 Patent is not enjoined.

84. Veloxis does not have an adequate remedy at law.

85. Upon information and belief, Defendant had knowledge of the '190 Patent prior to filing its ANDA with the FDA.

86.     This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT V
## INFRINGEMENT OF THE '199 PATENT

87.     Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

88.     Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '199 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 14.

89.     Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 14 of the '199 Patent.

90.     There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '199 Patent.

91.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '199 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with knowledge of the '199 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '199 Patent.

92.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '199 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes one or more claims of the '199 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

93.     Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '199 Patent is not enjoined.

94.     Veloxis does not have an adequate remedy at law.

95.     Upon information and belief, Defendant had knowledge of the '199 Patent prior to filing its ANDA with the FDA.

96.     This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT VI
## INFRINGEMENT OF THE '081 PATENT

97.     Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

98.     Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '081 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

17

99.     Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '081 Patent.

100.     There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '081 Patent.

101.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '081 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with knowledge of the '081 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '081 Patent.

102.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '081 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes one or more claims of the '081 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

103.     Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '081 Patent is not enjoined.

104.     Veloxis does not have an adequate remedy at law.

18

105.    Upon information and belief, Defendant had knowledge of the '081 Patent prior to filing its ANDA with the FDA.

106.    This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT VII**
**INFRINGEMENT OF THE '331 PATENT**

107.    Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

108.    Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '331 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

109.    Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '331 Patent.

110.    There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '331 Patent.

111.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '331 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with

knowledge of the '331 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '331 Patent.

112.   Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '331 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes one or more claims of the '331 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

113.   Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '331 Patent is not enjoined.

114.   Veloxis does not have an adequate remedy at law.

115.   Upon information and belief, Defendant had knowledge of the '331 Patent prior to filing its ANDA with the FDA.

116.   This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT VIII**
**INFRINGEMENT OF THE '823 PATENT**

117.   Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

118.   Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '823 Patent, constitutes infringement

of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

119.    Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '823 Patent.

120.    There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '823 Patent.

121.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA, Defendant will infringe one or more claims of the '823 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.

122.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '823 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with knowledge of the '823 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '823 Patent.

123.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '823 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes

21

one or more claims of the '823 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

124. Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '823 Patent is not enjoined.

125. Veloxis does not have an adequate remedy at law.

126. Upon information and belief, Defendant had knowledge of the '823 Patent prior to filing its ANDA with the FDA.

127. This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT IX
## INFRINGEMENT OF THE '103 PATENT

128. Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

129. Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '103 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

130. Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '103 Patent.

131. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '103 Patent.

132.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '103 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with knowledge of the '103 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '103 Patent.

133.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '103 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes one or more claims of the '103 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

134.    Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '103 Patent is not enjoined.

135.    Veloxis does not have an adequate remedy at law.

136.    Upon information and belief, Defendant had knowledge of the '103 Patent prior to filing its ANDA with the FDA.

137.    This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

23

## COUNT X
## INFRINGEMENT OF THE '095 PATENT

138.     Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

139.     Defendant's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendant's ANDA Products, prior to the expiration of the '095 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

140.     Upon information and belief, Defendant's ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '095 Patent.

141.     There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '095 Patent.

142.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA, Defendant will infringe one or more claims of the '095 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.

143.     Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will induce infringement of one or more claims of the '095 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, upon FDA approval of Defendant's ANDA Products, Defendant will intentionally encourage acts of direct infringement with knowledge of the '095 Patent and knowledge that its acts are encouraging infringement, with specific intent to induce infringement of the '095 Patent.

144.    Unless enjoined by this Court, upon FDA approval of Defendant's ANDA Products, Defendant will contributorily infringe one or more claims of the '095 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendant's ANDA Products in the United States.  Upon information and belief, Defendant has had and continues to have knowledge that Defendant's ANDA Products are especially adapted for a use that infringes one or more claims of the '095 Patent and that there is no substantial non-infringing use for Defendant's ANDA Products.

145.    Veloxis will be substantially and irreparably damaged and harmed if Defendant's infringement of the '095 Patent is not enjoined.

146.    Veloxis does not have an adequate remedy at law.

147.    Upon information and belief, Defendant had knowledge of the '095 Patent prior to filing its ANDA with the FDA.

148.    This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Veloxis respectfully requests the following relief;

A.      An entry of Judgment that Defendant has infringed the Patents-in-Suit through the submission of ANDA No. 221264 to the FDA;

B.      An entry of Judgment that, Defendant has infringed, and that Defendant's making, using, selling, offering to sell, or importing Defendant's ANDA Products will infringe one or more claims of the Patents-in-Suit;

C.      The issuance of an order that the effective date of any FDA approval of Defendant's ANDA Products shall be no earlier than the expiration date of the Patents-in-Suit and any additional periods of exclusivity to which Veloxis is or becomes entitled;

25

D.      An entry of a preliminary and permanent injunction enjoining Defendant and others acting in concert with Defendant from commercially manufacturing, using, selling, offering for sale, and/or importing Defendant's ANDA Products within the United States, until after the expiration date of the Patents-in-Suit and any additional periods of exclusivity to which Veloxis is or becomes entitled;

E.      A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendant, its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any compositions or methods claimed in the Patents-in-Suit, or from actively inducing or contributing to the infringement of any claim of the Patents-in-Suit, until after the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Veloxis is or becomes entitled;

F.      A Declaration that the commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of Defendant's ANDA Products will directly infringe, induce, and/or contribute to infringement of the Patents-in-Suit;

G.      To the extent that Defendant has committed any acts with respect to the compositions or methods claimed in the Patents-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), that Veloxis be awarded damages for such acts;

H.      If Defendant engages in the commercial manufacture, use, sale, or offer for sale, or importation into the United States of Defendant's ANDA Products prior to the expiration of the Patents-in-Suit, a Judgment awarding damages to Veloxis resulting from such infringement, together with interest;

I.      An award to Veloxis of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

26

J.      An award to Veloxis of costs and expenses in this action; and

K.      An award to Veloxis of any further and additional relief that this Court deems just

and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Andrew M. Berdon
James E. Baker
Laura L. Fairneny
Catherine Mattes
QUINN EMANUEL URQUHART
   & SULLIVAN LLP
295 Fifth Avenue
New York, NY  10016
(212) 849-7000

July 9, 2026

Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com

*Attorneys for Plaintiff*
*Veloxis Pharmaceuticals, Inc.*